Judge Marshall °
delivered the Opinion of the Court. *
Benjamin Kirk brought this action of detinue, for the recovery of a horse, and obtained a verdict and judgment, The defendant moved for a new trial, on the grounds that the court had misdirected the jury, and that the verdict was against law and evidence. This motion having been overruled, a writ of error is prosecuted for reversing the judgment.
There was evidence on the trial, conducing to show that the plaintiff’s father had given him the right to one half of the horse for raising it, and that he had received the possession at the time of the gift, and retained it for several years, and until just before it was acquired by the defendant; that while he was so in possession, the father gave his half of the horse to the daughter of the plaintiff, an infant of three or four years of age, telling him to do as he pleased with the horse, but to let his daughter Elizabeth have one half of him.
The principal question involved in the instructions asked for on each side, was whether the plaintiff could maintain the action singly; and no other question has been discussed in this court'.
The joint owner of a chattel, entitled to the sole possession, which a stranger obtains, may maintain detinue for it, without his co-proprietor’s joining in the action; for upon his own mere possession he could maintain the action against a wrong doer.
This court will not reverse a judgment, or decision overruling a motion for a new trial, merely because they differ in opinion from the jury that found the verdict.
All the instructions asked for by the defendant, were given. The only one moved for by the plaintiff, and given by the court, was “ That if the jury believe from “ the evidence that the horse was bailed to the plaintiff, “ to hold the possession for the benefit of himself and “ daughter, he could maintain the action against a stran- “ ger without title.”
To this instruction we perceive no substantial objection. If the plaintiff, without having any ownership himself, had been simply bailee of the horse for his infant daughter (whose age precluded all idea of any actual possession or control on her part,) he would doubtless have been entitled to the action in his own name. 1 Chit. Pl. 118, 19. That he was in part the absolute owner of the horse, holding possession also for his daughter’s benefit, cannot, it would seem, detract from his right to suit. The greatest doubt is, not whether the plaintiff could sue alone, but whether, upon the facts stated, the daughter could be joined, as it is not clear that she was in any event entitled to the possession.
The term bailed, as used in this instruction, may not exactly describe the character in which the plaintiff received or held the possession of the horse. But whether as to his daughter he was bailee or trustee, was immaterial, as in either character he had the right to sue alone. In other respects, the facts hypothetically assumed in the instruction, have sufficient foundation in the evidence; and we have already expressed the opinion, that it is not erroneous in its exposition of the law. It is unnecessary to examine the instructions given at the instance of the defendant.
With regard to the sufficiency of the evidence to sustain the verdict, we have considerable doubt, arising from the fact, that the defendant purchased the horse at the sale of the personal estate of the plaintiff’s father, then dead; and that there is evidence conducing to prove the plaintiff’s assent to the sale of the horse. But although, as we understand the evidence, we should as jurors, have found a verdict for the defendant, on this ground; the proof of assent to the sale, or of a knowledge of it at the time, and acquiescence in it, is not of *55 a character so decisive as in our opinion to authorize this court to pronounce that the verdict is contrary to the evidence, and that the Circuit Court erred in no-t granting a new trial on that ground.
Wherefore, the judgment is affirmed.